# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT RAMIREZ,**

                        **Plaintiff,**

**-vs-**                                                         **Case No. 6:05-cv-678-Orl-28JGG**

**LOWE'S HOME CENTERS, INC.,**

                        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AND FOR VOLUNTARY DISMISSAL OF CLAIMS WITH PREJUDICE (Doc. No. 35)** |
| **FILED:** | **March 8, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff, Robert Ramirez, and Defendant, Lowe's Home Centers, Inc., jointly move the Court to approve their settlement of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice.

    The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement is a fair and reasonable resolution of a bona fide dispute. The case involved disputed issues of FLSA compliance, which constitutes a bona fide dispute. Each party was represented by independent

counsel, who were obligated to vigorously represent their client. The Court finds the proposed settlement of payment to Ramirez of $750 for back wages and $750 for liquidated damages, and payment of $2,500 to Ramirez's counsel in exchange for Ramirez's release of claims and dismissal of the action with prejudice to be fair and reasonable.

The Court, therefore, **RECOMMENDS**, that:

1. The parties' joint motion be granted and the settlement be approved; and

2. The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 23, 2007.

*[signature]*
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon, II
Counsel of Record